IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODOLFO ORTEGA, JR., TDCJ #1522268, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-1076 |
| ALAN T. EVANS, *et al.*, | § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Rodolfo Ortega, Jr. (TDCJ #1522268) is an inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Plaintiff has filed a civil action pursuant to 42 U.S.C. § 1983, alleging that officials and medical personnel at the Carol Vance Unit acted with medical negligence and deliberate indifference regarding his spinal condition and other ailments. (Docket Entry No. 1). At the Court's request, he has also filed a More Definite Statement. (Docket Entry No. 23). After reviewing the pleadings as required under 28 U.S.C. § 1915A, the Court concludes that this case must be dismissed for failure to state a claim under section 1983 for the reasons that follow.

## I. Background

Plaintiff alleges that in 1985, he was involved in a vehicular accident and sustained a neck and back injury that never fully healed.[1] He alleges that he was injured again in 1992 or 1993 when a truck rear-ended his car and was injured a third time in 2007 when his vehicle rolled over.[2] Plaintiff claims that in 2013, x-rays for his back showed that he has deteriorated discs, severe arthritis, and bone spurs.[3]

Plaintiff alleges that he suffers from chronic, severe pain when he walks, sits, stands, or lies down due to his spinal condition.[4] He also states that the stiffness and pain usually subside within 30 minutes of moving the affected neck or back joint.[5] He claims that the joints in his neck and back grind, grate, or crackle when they are moved and that he has numbness and tingling in his arms and legs and frequent sharp pains in his lower back, to his right buttocks, and down his right thigh.[6] He also complains that he suffers from osteoporosis, neuropathic pain, the

---

[1] Docket Entry No. 1 ("Complaint") at 8.

[2] Id.; Docket Entry No. 23 ("More Definite Statement") at 10.

[3] Complaint at 8.

[4] Id.; More Definite Statement at 8-9.

[5] Complaint at 8; More Definite Statement at 8-9.

[6] Complaint at 8; More Definite Statement at 9.

2

inability to control his blood pressure and heart rate, and pain in his right testicle.[7]

Plaintiff reports that he was given steroid shots in his back, knee, and shoulder at other units in the TDCJ in the past.[8] He also alleges that health care providers at those other units prescribed him either meloxicam, naproxen, and/or ibuprofen daily for the past seven years and issued him medical restrictions for a bottom bunk, no lifting more than 30 pounds, and limiting standing and squatting.[9]

On November 10, 2016, Plaintiff arrived at the Carol Vance Unit and reported that his job at his last unit was 1 day a week, 4 hours a day, folding laundry. Plaintiff then saw Physician Assistant Alan T. Evans ("Evans"), who explained the sick-call procedure on intake.[10]

On November 14, 2016, Plaintiff submitted a written sick call request for a steroid shot for his shoulder and to renew his meloxicam, benzoyl peroxide, and clipper shave pass.[11] Plaintiff saw Evans on November 15, 2016.[12] Evans renewed the meloxicam

---

[7] More Definite Statement at 9.

[8] Complaint at 9.

[9] Id.

[10] Id.

[11] Id.

[12] Id.

3

prescription but reduced the dosage from every day to once every three days.[13] Evans allegedly told Plaintiff: "Giving you your medication back to daily is not going to make your condition any better, so just deal with what I prescribe to you and exercise more."[14] Evans also told Plaintiff that he would only receive one benzoyl peroxide tube and that he would not get any steroid shots because all he needed to do was to exercise more.[15]

On December 12, 2016, Plaintiff submitted a sick call regarding his work assignment because he allegedly was in substantial pain from working 5 days a week.[16] On December 14, 2016, Plaintiff saw Evans, who allegedly took away his medical housing and work restrictions and told Plaintiff to exercise more to help alleviate the pain.[17] Later that day, Plaintiff allegedly talked to his counselor, Defendant InnerChange Freedom Initiative ("IFI") Prison Fellowship Counselor Roy Garcia ("Garcia"), about Evans, and Garcia told Plaintiff to file a grievance and that the grievance would fix the situation.[18] At some point, Plaintiff claims he also talked to Defendant IFI Prison Fellowship Program

---

[13] Id.; More Definite Statement at 13.

[14] More Definite Statement at 16.

[15] Complaint at 9.

[16] Id. at 10.

[17] Id.

[18] Id.

4

Director Daryll Brooks ("Brooks") about his problems with Evans, and Brooks told him that Plaintiff should not have been accepted into the IFI program with his medical issues and that no one on the Carol Vance Unit is medically unassigned.[19]

On March 16, 2017, Plaintiff received his step 2 grievance response, which stated that the doctor had done a full physical and that he should put in for sick call if he has a medical issue.[20] On March 19, 2017, Plaintiff submitted another sick call request for his knee, back, and neck pain. On March 21, 2017, Evans reiterated that Plaintiff needed to exercise and he would be fine.[21]

On March 27, 2017, Plaintiff allegedly spoke with Garcia again, and Garcia told Plaintiff that he would bring up Plaintiff's issues with Evans at a staff meeting.[22] Plaintiff also alleges he complained to Garcia that the work assignments and prolonged standing were too much for him to handle.[23]

Plaintiff alleges that Evans, a Physician Assistant, is not a doctor and that he refused or failed to review his medical history.[24] Plaintiff claims that all Evans did was lift Plaintiff's

---

[19] More Definite Statement at 5.

[20] Complaint at 10.

[21] Id.

[22] Id.

[23] Id. at 10-11.

[24] Id. at 11.

arm and leg while Plaintiff was sitting down and then said, "There is nothing wrong with you all you need to do is exercise."[25]

While Plaintiff states that he agrees with Evans that medication will not cure the pain but will only ease it, he claims that Evans acted with deliberate indifference because he failed to treat Plaintiff's worsening pain.[26] Plaintiff contends that Evans's failure to order an MRI was negligence and that Evans's failure to diagnose Plaintiff's ailments constitutes malpractice.[27] Plaintiff also alleges that Evans committed "technical assault and battery" by taking away Plaintiff's medical restrictions and lowering his dosage of meloxicam.[28] He complains that the pain interferes with his sleep and meals and that he cannot go outside and enjoy recreational activities.[29] Plaintiff also alleges that after Evans refused to give him medical restrictions for work, he gave up and refused to work, which resulted in five disciplinary convictions, a loss of his opportunity to participate in the faith-based IFI program, and a transfer from general population to medium custody in a maximum security unit.[30]

---

[25] Id.

[26] Id. at 12.

[27] Id.

[28] Id.

[29] Id.

[30] More Definite Statement at 20.

6

Plaintiff also sues Senior Warden Troy Simpson ("Simpson"), Captain Thomas A. Chessher ("Chessher"), Senior Practice Manager Susan Dostal ("Dostal"), and IFI Prison Fellowship Manager Ron Zifer ("Zifer"), generally alleging that they failed to remedy unlawful conditions that they knew about and failed to ensure that Plaintiff received adequate medical services when he complained to them about Evans.[31] In addition, Plaintiff sues Bryan Collier, the Executive Director of TDCJ ("Collier"), for failure to train his subordinates.[32]

For relief, Plaintiff seeks the reinstatement of all of his medical housing and work restrictions; daily doses of pain medication; a clipper shave pass; an increase in his allowed benzoyl peroxide to four tubes a year; an MRI; the expungement all of his disciplinary cases for failing to work or shave; and an order preventing the Carol Vance Unit employees from retaliating against him.[33]

## II. **Legal Standards**

### A. **Prison Litigation Reform Act**

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to

---

[31] Id. at 2-6; Complaint at 12-13.

[32] More Definite Statement at 6-7.

[33] Id. at 13.

7

scrutinize claims in a civil action brought *in forma pauperis* by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these reasons "at any time" "on its own motion or on the motion of a party" where the plaintiff proceeds *in forma pauperis.* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *See* Haines v. Kerner, 92 S. Ct. 594, 596 (1972). Under this standard, a court liberally construes a document filed *pro se.* Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)). "Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 127 S. Ct. at 1974). "A claim has facial

8

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

An action is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 109 S. Ct. 1827, 1831-32 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. Id. (citations omitted).

**B.  Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. Estelle v. Gamble, 97 S. Ct. 285, 291 (1976). To state a claim for deliberate indifference, a plaintiff must

plead facts to show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994); *see also* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002); Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002).

Deliberate indifference is an "'extremely high standard to meet'" because it "requires a showing that the prison official 'knows of and disregards' the substantial risk of serious harm facing the inmate." Morgan v. Hubert, 459 F. App'x 321, 326 (5th Cir. 2012) (quoting Farmer, 114 S. Ct. at 1979). The Fifth Circuit, *en banc*, vacated a jury verdict and judgment against a prison corrections officer, reiterating language of the Supreme Court that to "violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind . . . . that state of mind is one of 'deliberate indifference' to inmate health or safety.'" Williams v. Hampton, 797 F.3d 276 (5th Cir.) (*en banc*) (quoting Farmer, 114 S. Ct. At 1977, quoting Wilson v. Seiter, 111 S. Ct. 2321, 2323, 2326 (1991)).

To demonstrate deliberate indifference to his serious medical needs, a plaintiff must plead facts that indicate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or "engaged in any similar

10

conduct that would evince a wanton disregard for any serious medical need." <u>Domino v. Tex. Dep't of Criminal Justice</u>, 239 F.3d at 756 (quoting <u>Johnson v. Treen</u>, 759 F.2d 1236, 1238 (5th Cir. 1985)). A delay in medical care can rise to the level of a constitutional violation only if the delay is occasioned by deliberate indifference resulting in substantial harm. <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 1993). "[T]he 'failure to alleviate a significant risk that [the Defendants] should have perceived, but did not' is insufficient to show deliberate indifference." <u>Domino</u>, 239 F.3d at 756 (quoting <u>Farmer</u>, 114 S. Ct. at 1979). A violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . safety." <u>Whitley v. Albers</u>, 106 S. Ct. 1078, 1084 (1986).

In other words, "deliberate indifference cannot be inferred merely from negligent or even a grossly negligent response to a substantial risk of serious harm." <u>Thompson v. Upshur County, Tex.</u>, 245 F.3d 447, 459 (5th Cir. 2001). Rather, "[i]t is the 'obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the [Eighth Amendment], whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" <u>Bradley v. Puckett</u>, 157 F.3d at 1025 (quoting <u>Whitley</u>, 106 S. Ct. at 1084). "Deliberate indifference encompasses only unnecessary and wanton

11

infliction of pain repugnant to the conscience of mankind." <u>Norton v. Dimazana</u>, 122 F.3d 286, 291 (5th Cir. 1997) (citing <u>Estelle</u>, 97 S. Ct. 285 at 291-92).

### III. **Discussion**

#### A. **Evans**

Plaintiff's principal claim stems from the acts or omissions of Evans, his medical provider at the Carol Vance Unit. He contends that Evans was negligent and deliberately indifferent when he treated Plaintiff's chronic back and neck pain. Evans allegedly prescribed a lower dosage of pain medications, stated that Plaintiff would not be getting steroid shots, and revoked Plaintiff's medical and work restrictions. Plaintiff also complains that Evans repeatedly told him that all he needed to do for the pain was to exercise more.

Taking all of Plaintiff's allegations as true and construing his pleadings liberally in his favor, Plaintiff does not plead facts to indicate that Evans acted with deliberate indifference to his medical needs or that he was subjectively aware of a risk of serious harm to Plaintiff and consciously disregarded that risk. Plaintiff reports that he saw Evans on multiple occasions, and each time Evans evaluated Plaintiff and prescribed a course of treatment, whether it was pain medication or exercise. Although Plaintiff disagrees with Evans's assessment of his condition and

the treatment plan, an inmate's dissatisfaction or disagreement with the medical treatment he received does not state a claim for deliberate indifference in violation of the Eighth Amendment. *See* Estelle, 97 S. Ct. at 291 (holding that a prisoner who alleged that the medical personnel inadequately diagnosed and treated his back injury did not state a claim under the Eighth Amendment against them); Norton v. Dimazana, 122 F.3d 286, 291-92 (5th Cir. 1997) (holding that an inmate's dissatisfaction or disagreement with the medical treatment he received does not state a claim for deliberate indifference); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (holding inmate's "disagreement with his medical treatment" was insufficient to show Eighth Amendment violation). Likewise, allegations that the treatment was negligent or the result of medical malpractice fail to state a claim for relief under the Eighth Amendment. *See* Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1979) (finding "[m]ere negligence, neglect, or medical malpractice is insufficient" to show Eighth Amendment violation); Wagner v. Bay City, 227 F.3d 316, 324 (5th Cir. 2000) ("the subjective intent to cause harm cannot be inferred from a . . . failure to act reasonably").

Plaintiff's pleadings indicate that after Plaintiff submitted sick call requests, Evans promptly saw Plaintiff, examined him, and prescribed a course of treatment, which included pain medication and exercise. Evans's determination that exercise was the best

13

course of action to address Plaintiff's medical issues was a "classic example of a matter of medical judgment." Brauner v. Cody, 793 F.3d 493, 499 (5th Cir. 2015) (holding that the plaintiff had not stated a claim for deliberate indifference to pain management where the physicians prescribed him different pain medications than the ones he requested).

At most, Plaintiff has stated a claim of negligence, malpractice, or disagreement with treatment, which, as discussed above, are insufficient to support a finding of deliberate indifference under the Eighth Amendment. See Varnado, 920 F.2d at 321; see also Nunley v. Mills, 217 F. App'x 322, 324 (5th Cir. 2007) (holding that being prescribed the wrong medication did "not support a finding of deliberate indifference under the Eighth Amendment"). Accordingly, the federal claims against Evans fail as a matter of law and will be dismissed as frivolous and for failure to state a claim.

Likewise, Plaintiff's pendant state-law claims for "technical assault and battery" for Evans's alleged failure to treat his pain are frivolous. The Texas Supreme Court has noted that "[a]n assault occurs when a person is in apprehension of imminent bodily contact, whereas a battery is committed when an individual actually sustains a harmful or offensive contact to his or her person." City of Watauga v. Gordon, 434 S.W.3d 586, 589 (Tex. 2014)(citing 1 DAN B. DOBBS, PAUL T. HAYDEN & ELLEN M. BUBLICK, THE LAW OF TORTS §§ 33-40

(2d ed. 2012)). Plaintiff does not allege facts to show that Evans threatened or committed any harmful or offensive touching of Plaintiff, and, therefore, does not allege facts to state a claim for those intentional torts.[34] Therefore, Plaintiff's assault and battery claims lack any arguable basis in law or fact and will therefore be dismissed as frivolous. *See* Talib, 138 F.3d at 213.

## B. **Dostal, Simpson, Chessher, Brooks, Zifer, and Garcia**

Plaintiff pleads no specific facts to state a plausible claim against Defendants Dostal, Simpson, Chessher, Brooks, Zifer, or Garcia. *See* Iqbal, 129 S. Ct. at 1949. In particular, Plaintiff fails to state any facts to show that these defendants had any personal involvement in his medical care or decisions about his medical restrictions. *See* Murphy v. Kellar, 950 F.2d 290, 292 (5th Cir. 1992) (holding that a plaintiff bringing a section 1983 action must "specify the personal involvement of each defendant"). Plaintiff pleads no facts to show that any of the defendants were aware of a substantial risk of serious harm to him and that they disregarded that risk.

---

[34] In the alternative, these claims are barred by sovereign immunity as asserted against Evans, who was working in the course and scope of his employment as a prison physician assistant for the alleged acts, because the Texas Tort Claims Act ("TTCA"), codified at Texas Civil Practice and Remedies Code §§ 101.001 *et seq.*, is the exclusive means to bring suit against Texas and its municipalities for common-law torts of their employees. *See* Franka v. Velasquez, 332 S.W.3d 367, 369 (Tex. 2011); Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 659 (Tex. 2008). Where, as here, the claim arises out of an alleged assault or battery, the waiver of immunity in the TTCA does not apply. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2).

15

Furthermore, although Plaintiff alleges that he told some of the defendants about his difficulty with Evans, there is no indication that any of the non-medical-provider defendants could override Evans's professional judgment, diagnosis, and prescribed course of treatment. Mere awareness that Plaintiff disagreed with Evans's course of care does not, without more, indicate a subjective awareness that Evans's alleged medical mistreatment placed Plaintiff at a substantial risk of serious harm. *See* Farmer, 114 S. Ct. at 1979 (holding that deliberate indifference requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*") (emphasis added). Plaintiff fails to plead facts to show that these defendants were deliberately indifferent to Plaintiff's health or safety. Therefore, Plaintiff's claims against Dostal, Simpson, Chessher, Brooks, Zifer, and Garcia are dismissed for failure to state a claim for which relief may be granted.

## C. Collier

A supervisory official may be held liable under section 1983 if there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or if a supervisory official implements a policy so deficient that the policy itself is a

16

repudiation of constitutional rights and is the moving force behind the constitutional deprivation. See Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987); see also Murphy, 950 F.2d at 292. Plaintiff pleads no facts to show that Collier was personally involved in a deprivation of Plaintiff's constitutional rights, that wrongful conduct by Collier was causally connected to a deprivation of Plaintiff's constitutional rights, or that Collier himself implemented a constitutionally deficient policy which was the moving cause behind a denial of Plaintiff's constitutional rights. Accordingly, Plaintiff's claim against Collier is subject to dismissal for failure to state a claim for which relief may be granted.

## IV. ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Complaint against all defendants is **DISMISSED** with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(B)(ii); it is further

**ORDERED** that all other pending motions, if any, are **DENIED** as **MOOT**.

**This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the**

Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 16TH day of February, 2018.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE